■ D. MIRANDO & SONS PRODUCE CORP., Respondent, v THEODORE GAETA, Appellant.—In an action on five promissory notes, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court, Ninth and Tenth Judicial Districts, dated November 27, 1974, which affirmed a judgment of the District Court of the County of Nassau, Fourth District, Hicksville, entered February 7, 1974, in favor of plaintiff, after a nonjury trial. Order affirmed, with costs, on the opinion of Judge Collins in the District Court. Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ DiWINE DISTRIBUTING CO., INC., Respondent, v HONOURS DISTRIBUTING CORPORATION, Defendant, and MAJESTIC DISTILLING CO., INC., Appellant. —In an action *inter alia* to recover damages for breach of contract, defendant Majestic Distilling Co., Inc., appeals from so much of an order of the Supreme Court, Nassau County, entered March 25, 1975, as denied the branch of its motion which sought dismissal of the complaint as against it. Order affirmed insofar as appealed from, with $20 costs and disbursements. The complaint states a cause of action against appellant and there are issues of fact. Thus, a trial is required. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ CONSTANCE V. ESPOSITO et al., Appellants, v GLEN COVE COMMUNITY HOSPITAL, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered September 23, 1974, in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiffs' case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been raised or considered. Thinking there were two doors instead of one, the plaintiff wife walked through an immovable glass panel alongside and to the left of a swinging glass entrance door to the emergency room of the defendant hospital. On the record presented on this appeal, her contributory negligence was a question of fact for the jury. Consequently, it was error to dismiss the complaint at the close of plaintiffs' case and a new trial is therefore required. At such trial the applicability of rule 47 of the Industrial Code of the Board of Standards and Appeals (12 NYCRR 47.1 *et seq.)* should be explored. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.